UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GARY MAULL,

      Plaintiff,

  v.

DETECTIVE SERGEANT MARK
CROSSON, et al.,

      Defendants.

20-CV-416
ORDER

---

## INTRODUCTION

The *pro se* plaintiff, Gary Maull, was a prisoner confined at the Attica Correctional Facility ("Attica") when he filed this action. He filed a complaint asserting claims under 42 U.S.C. § 1983, Docket Item 1, but he did not pay the filing fee, nor did he submit a complete motion to proceed *in forma pauperis* (that is, as someone who should have the prepayment of the ordinary filing fee waived because he cannot afford it). *See* Docket Item 2.

The Clerk of Court shall therefore administratively terminate this action. If the plaintiff wishes to reopen this case, he must notify the Court in writing **within 30 days of the date of this order** and must include either (a) a properly supported motion to proceed *in forma pauperis* along with the required **certification of the plaintiff's inmate trust fund account** (or institutional equivalent) and authorization form, or (b) the $350.00 filing fee and the $50.00 administrative fee ($400.00 total).

**DISCUSSION**

A party commencing a civil action in this Court ordinarily must pay a $350.00 filing fee as well as a $50.00 administrative fee.[1]  *See* 28 U.S.C. § 1914; Judicial Conference Schedule of Fees, District Court Miscellaneous Fee Schedule;[2] Western District of New York, District Court Schedule of Fees.[3]  If a "prisoner" (as defined in 28 U.S.C. § 1915(h)) wishes to commence a civil action, the prisoner must either (1) pay those fees or (2) obtain permission to proceed *in forma pauperis* under 28 U.S.C. § 1915.

### I.    REQUIREMENTS FOR *IN FORMA PAUPERIS* APPLICATION

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), which amended 28 U.S.C. § 1915, established certain requirements that a prisoner must meet in order to proceed *in forma pauperis*.  Those requirements are summarized below.

#### A.    Supporting Affidavit or Affirmation

Under 28 U.S.C. § 1915(a)(1), a prisoner seeking to bring a civil action *in forma pauperis* must submit an affidavit or affirmation detailing the prisoner's assets and

---

[1] Effective May 1, 2013, the Judicial Conference of the United States added an administrative fee of $50.00 to the cost of filing a civil lawsuit in district court.  *See* September 2012 Report of the Proceedings of the Judicial Conference of the United States, available at http://www.uscourts.gov/about-federal-courts/reports-proceedings-judicial-conference-us.  But this additional administrative fee does not apply to prisoners who are granted permission to proceed *in forma pauperis*.  *See generally id*.

[2] Available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

[3] Available at http://www.nywd.uscourts.gov/fee-schedule.

liabilities and swearing under oath that the prisoner is unable to pay the $350.00 filing fee.  A motion to proceed *in forma pauperis* should be supported by such an affidavit or affirmation filed at the same time as the complaint.  The United States District Court for the Western District of New York has made available a form motion to proceed *in forma pauperis* with supporting affirmation[4] that is designed to help *pro se* litigants (such as the plaintiff here) comply with 28 U.S.C. § 1915(a)(1).

### B. Certification of Inmate Trust Fund Account

Under 28 U.S.C. § 1915(a)(2), a prisoner seeking to proceed *in forma pauperis* also must submit a certified copy of his or her inmate trust fund account statement (or an institutional equivalent) for the six months immediately before the prisoner's complaint was filed.  The prisoner must obtain this certified account statement from the appropriate official at each correctional facility where the prisoner was confined during that six-month period.  *See* 28 U.S.C. § 1915(a)(2).  Alternatively, the prisoner may have prison officials complete and sign the "Prison Certification Section" of the Court's form motion referred to above.  *See supra* note 4.  In the "Prison Certification Section," prison officials provide the information in the prisoner's trust fund account statement required by 28 U.S.C. § 1915(a)(2).  **The plaintiff did not submit the required certification here.**

---

[4] The Clerk of Court shall mail Maull a form motion to proceed *in forma pauperis* with supporting affirmation.  The form also is available at http://www.nywd.uscourts.gov/pro-se-forms.

### C.     Authorization Form

A prisoner seeking to proceed *in forma pauperis* also must submit a signed authorization form,[5] permitting the institution in which the prisoner is confined to pay— over time, if necessary—the $350.00 filing fee from the prisoner's trust fund account (or institutional equivalent).  *See* 28 U.S.C. § 1915(b)(1)-(4).  In other words, even if the prisoner is granted *in forma pauperis* status, the prisoner must pay the full $350.00 filing fee in installments.  *See* 28 U.S.C. § 1915(b)(1)-(2).  The initial payment will be 20% of the average monthly deposits to the prisoner's account or 20% of the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint, whichever is greater.  *See* 28 U.S.C. § 1915(b)(1).  For each month after that, as long as the amount in the prisoner's account exceeds $10.00, the agency having custody of the prisoner will deduct from the prisoner's account and forward to the Clerk of Court an installment payment equal to 20% of the preceding month's income that was credited to the prisoner's account.  *See* 28 U.S.C. § 1915(b)(2).  Those payments continue until the $350.00 fee is paid in full.  *Id.*

## II.     ADMINISTRATIVE TERMINATION OF THIS ACTION

The plaintiff did not pay the $350.00 filing fee or the $50.00 administrative fee that ordinarily is required to commence a civil action.  Nor did the plaintiff submit a complete motion to proceed *in forma pauperis*.  Although he has submitted an affidavit swearing that he is unable to pay a $350.00 filing fee, *see* 28 U.S.C. § 1915(a)(1), and an authorization form, *see* 28 U.S.C. § 1915(b), he has not submitted a certification of

---

[5] The Clerk of Court shall mail Maull an authorization form to the plaintiff.  The form also is available at http://www.nywd.uscourts.gov/pro-se-forms.

4

his inmate trust fund account, *see* 28 U.S.C. § 1915(a)(1)-(2). *See* Docket Item 2. Therefore, the Clerk of Court shall administratively terminate this action[6] without filing the complaint or assessing a filing fee, as ordered below. As also ordered below, the plaintiff is granted leave to reopen this action no later than thirty days from the date of this order.

### III. DEFERMENT OF SCREENING UNDER 28 UNITED STATES CODE SECTIONS 1915(E)(2) & 1915A

The court is required to screen civil actions filed by prisoners and dismiss them if they: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A; *see also* 42 U.S.C. § 1997e(c) (dismissal of prisoner actions brought with respect to prison conditions). Because the plaintiff did not properly commence this action, this Court will defer the mandatory screening process until this case is reopened—if, in fact, it is reopened. If this action is reopened and then dismissed, installment payments of the filing fee under 28 U.S.C. § 1915 will not be suspended, and the prisoner will not be permitted to obtain a refund of the filing fee or any part of it that already has been paid.

Additionally, if a prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed because it

---

[6] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations. Therefore, if the case is reopened under the terms of this order, it is not subject to the statute of limitations time bar as long as it originally was timely filed. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *McDowell v. Del. State Police*, 88 F.3d 188, 191 (3d Cir. 1996); *see also Williams-Guice v. Bd. of Educ.*, 45 F.3d 161, 163 (7th Cir. 1995).

was frivolous or malicious or because it failed to state a claim upon which relief may be granted, he or she will not be permitted to bring another action *in forma pauperis* unless he or she is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

## **ORDER**

Based on the above, it is hereby

ORDERED that the Clerk of Court shall administratively terminate this action without filing the complaint or assessing a filing fee; and it is further

ORDERED that the Clerk of Court shall send to the plaintiff, along with a copy of this order, a form motion to proceed *in forma pauperis*; and it is further

ORDERED that if the plaintiff wishes to reopen this action, he shall so notify this Court, in writing, no later than **thirty days from the date of this order**. This writing must include either (a) a properly supported motion to proceed *in forma pauperis* along with the required **certification of the plaintiff's inmate trust fund account** (or the institutional equivalent) and authorization form, or (b) the $350.00 filing fee and the $50.00 administrative fee ($400.00 total); and it is further

ORDERED that upon the plaintiff's submission of either (a) a complete motion to proceed *in forma pauperis* along with the required certification and authorization form, or (b) the $350.00 filing fee and the $50.00 administrative fee ($400.00 total), the Clerk of Court shall reopen this case.

SO ORDERED.

Dated:   May 5, 2020
          Buffalo, New York

                                */s/ Hon. Lawrence J. Vilardo*
                                LAWRENCE J. VILARDO
                                UNITED STATES DISTRICT JUDGE